**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
AUDREY CARTER,                    :
                                  :  Civil Action No. 10-5295 (FLW)
            Plaintiff,            :
                                  :
                                  :
      v.                          :  OPINION
                                  :
ALL DISTRICT FEDERAL JUDGES,      :
et al.,                           :
                                  :
            Defendants.           :
```

**APPEARANCES:**

    AUDREY CARTER, Plaintiff <u>pro</u> <u>se</u>
    2300 South Broad Street
    M1
    Hamilton, New Jersey 08610

**WOLFSON**, District Judge

On or about October 14, 2010, pro se plaintiff, Audrey Carter, filed a Complaint in this matter against "All District Federal Judges," President Obama, and President Bush, seeking an investigation into all courts and cases in the United States, new changes for laws and "world issues." Plaintiff submitted an application to proceed in forma pauperis ("IFP") in this instant action, and it appears that Plaintiff may qualify for indigent status, in accordance with 28 U.S.C. § 1915(a).

However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), this Court finds that this action should be dismissed for failure to state a claim upon which relief may be

granted, and because it seeks monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Moreover, this action is subject to dismissal pursuant to a preclusion order entered against Ms. Carter that is intended to foreclose her filing frivolous, vexatious, and duplicative complaints.  See Carter Taylor Hallett v. New Jersey State, et al., Civil No. 09-3704 (FLW)(Docket entry no. 6).

I.   Preclusion Order

On September 1, 2009, this Court issued an All Writs Injunction Order, pursuant to 28 U.S.C. § 1651(a), barring and enjoining Plaintiff from filing any document or pleading of any kind with the Court as a pro se litigant, except in pending litigation, unless Plaintiff first seeks leave of Court to do so and the Court grants Plaintiff leave to file such document or pleading.  The Order expressly requires Plaintiff to provide a certification with her document or pleading, as follows:

> ORDERED that Plaintiff shall include with any proposed filing undertaken in her capacity as a pro se plaintiff, except in pending litigation, a certification taken under oath stating: (1) that the complaint is not frivolous or vexatious, nor repetitive or violative of a court order, (2) that all claims presented have never been raised in this Court before and disposed of on the merits, and that it is not barred by principles of claim or issue preclusion, (3) that the proposed filing can survive a challenge under Fed.R.Civ.P. 12, (4) that all facts alleged in the complaint are believed to be true by Plaintiff, (5) that Plaintiff has no knowledge or belief that her claims are for any reason foreclosed by controlling law, and (6) that the pleading is in compliance with Fed.R.Civ.P. 11; and it is further

> ORDERED that the Clerk of the Court shall not accept for filing any document or pleading of any kind submitted by or on behalf of Plaintiff in her capacity as a plaintiff appearing pro se, except (1) in pending litigation, (2) where a Judge of the Court has first directed that the document or pleading be filed, or (3) papers to appeal the All Writs Injunction Order or to notify the Court of appellate action.

(September 1, 2009 All Writs Injunction Order, Civil No. 09-3704 (FLW) at Docket entry no. 6).

Plaintiff failed to provide the Court with any certification to show that her Complaint is not frivolous, vexatious, repetitive or violative of a court order.  Nor does her submission to the Court state that her action can survive a Rule 12 challenge, that the facts alleged are believed to be true, or that the pleading is in compliance with Rule 11.

II.  Standard for Sua Sponte Dismissal

Aside from the All Writs Injunction Order, this Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), as plaintiff is proceeding in forma pauperis.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P.

8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  <u>Fed. Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

5

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In

---

[2] In Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

>   other words, a complaint must do more than allege the
>   plaintiff's entitlement to relief.  A complaint has to
>   "show" such an entitlement with its facts.  See <u>Phillips</u>,
>   515 F.3d at 234-35.  As the Supreme Court instructed in
>   <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the
>   court to infer more than the mere possibility of misconduct,
>   the complaint has alleged-but it has not 'show [n]'-'that
>   the pleader is entitled to relief.'"  <u>Iqbal</u>, [129 S.Ct. at
>   1949-50].  This "plausibility" determination will be "a
>   context-specific task that requires the reviewing court to
>   draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

   This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

   Here, the Complaint utterly fails to set forth any plausible, well-pleaded facts that would permit this Court to infer more than the mere possibility of misconduct or that Plaintiff would be entitled to relief.  Indeed, the Complaint is nothing more than baseless, far-fetched accusations unsupported by law or fact, and Plaintiff completely fails to allege "sufficient factual matter" to show that a claim is facially plausible, as required under <u>Iqbal</u>.  Therefore, the Complaint

7

must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. <u>Judicial Immunity</u>

This action is principally directed against "All District Federal Judges." Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit. <u>Mireless v. Waco</u>, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978). Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences." <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. <u>Mireless</u>, 502 U.S. at 11.

There are two circumstances where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity. The first exception is where a judge engages in nonjudicial acts, <u>i.e.</u>, actions not taken in the judge's judicial capacity. <u>Id</u>. The second exception involves actions that, though judicial in nature, are

taken in the complete absence of all jurisdiction.  Id.  Neither exception appears to be applicable in the present case.

Rather, Plaintiff takes issue with the disposition of her many earlier federal district court cases, in particular, Civil Action No 04-330 (GEB).  Plaintiff was not without legal recourse to correct any alleged errors made by the court in her earlier lawsuits.  The appropriate course of action would have been for Plaintiff to file an appeal from each case with the United States Court of Appeals for the Third Circuit.  Plaintiff failed to do so.  It appears, unfortunately, that Plaintiff decided to file this action instead, in violation of the All Writs Injunction Order entered against her on September 1, 2009.

IV.  Claims Against Presidents Bush and Obama

Finally, Plaintiff brings this action against President Bush and President Obama, but the Complaint fails to allege facts sufficient to support any cognizable claim.  Moreover, plaintiff's claim for relief, an investigation into her court cases, rests solely on threadbare and delusional allegations and conclusory statements that fail to satisfy the pleading requirements under Rule 8, see Iqbal, 129 S.Ct. at 1949-50.  Accordingly, the Complaint must be dismissed with prejudice as against these defendants, for failure to state a cognizable claim for relief.

V.  <u>Conclusion</u>

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and because the pleading submitted fails to comply with this Court's September 1, 2009 All Writs Injunction Order entered against Plaintiff.  An appropriate order follows.

                                       <u>s/Freda L. Wolfson</u>
                                       FREDA L. WOLFSON
                                       United States District Judge

Dated: November 23, 2010